IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY J. BRODZKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3123 |
| | ) | |
| ILLINOIS STATE PATROL, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

RICHARD MILLS, U.S. District Judge:

Plaintiff Anthony J. Brodzki brings this Section 1983 action against

the "Illinois State Patrol."[1]  The Complaint is dismissed without

prejudice.

I. IFP Petition

The Plaintiff has submitted an affidavit under 28 U.S.C. § 1915(a)

demonstrating that he is unable to prepay the fees or costs associated

with filing this action.  Accordingly, the Plaintiff's Petition to Proceed In

Forma Pauperis [d/e 2] is allowed.

---

[1]  There is not any agency in Illinois called the Illinois State Patrol.  The Court
assumes that the Plaintiff intended to bring suit against the Illinois State Police.

## II. Screening of Complaint Pursuant to 28 U.S.C. § 1915(e)(2)

Congress has directed federal courts to dismiss *in forma pauperis* cases under certain circumstances:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal—
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks relief against a defendant who is immune from such suit.

28 U.S.C. § 1915(e)(2). Consequently, the Court will screen Plaintiff's Complaint before it is permitted to be served.

## A. Summary of Complaint

In this action under Section 1983, Brodzki alleges that officers have prevented his entry into the State in violation of the Privileges and Immunities Clause of the U.S. Constitution. *See* U.S. Const. art. 4, sect. 2, cl. 1. The Plaintiff also claims that the Defendant is involved in the use of electronic disorientation devices by law enforcement agencies in the State of Illinois, and seeks to enjoin these activities.

The Plaintiff further alleges that he was sexually assaulted and tortured by law enforcement officers in Illinois approximately 40 years ago. He refers to numerous unsuccessful attempts to report his concerns to federal law enforcement officials.

In addition to injunctive relief, the Plaintiff seeks $50,000,000.00 in damages.

B. Frivolous Action

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim may be dismissed as frivolous when the factual contentions are clearly baseless or when the claim is based on an indisputably meritless legal theory. *Id.* at 327.

The Court concludes that this action is frivolous.

The Court notes that the undersigned previously dismissed a somewhat similar complaint filed by the Defendant. *See* Order of March 25, 2011, Text Order of April 19, 2011 in *Brodzki v. Illinois*, No. 11-cv-3076 (C.D. Ill. 2011). The Defendant also has another similar case

pending before the undersigned—*Anthony J. Brodzki v. Illinois*, No. 11-cv-3229 (C.D. Ill).

It appears from a review of the Complaint that a portion of it consists of copies of materials addressed to U.S. District Judge Barbara B. Crabb, of the U.S. District Court for the Western District of Wisconsin. The Court notes that the Defendant brought an almost identical action against the State of Wisconsin and the Wisconsin State Patrol, which Judge Crabb ultimately dismissed with prejudice for failure to state a claim. *See Brodzki v. Wisconsin*, No. 11-cv-248-slc, 2011 WL 1885415 (W.D. Wis. May 18, 2011).

Other Courts have noted that the Defendant's history of vexatious litigation:

> Brodzki's allegations are fantastic, delusional, irrational, and frivolous. Brodzki has a history of filing frivolous lawsuits. He has alleged these same or similar facts in many previous suits, which have been dismissed. According to the National Case Party Index database, Brodzki has filed 48 civil actions, nine appeals, and one bankruptcy since August 26, 2009, approximately 57 cases in a year and a half. The Court also notes that the Northern District of Illinois has issued a vexatious litigant order against Brodzki. *See In Re: Anthony J. Brodzki*, Civil Docket No. 1:10-CV-04591 (Order dated July 23, 2010). Brodzki has also been monetarily sanctioned in the Northern District of Texas based upon his history of submitting multiple frivolous lawsuits. *See Brodzki v. North Richland Hills Police Department*, Civil Action No. 3:10-CV-0539-P-BH (Order dated March 31, 2010).

> Many of Brodzki's prior lawsuits were found to be frivolous and as one Court stated "wholly within in the realm of fantasy." *Brodzki v. Regional Justice Center*, D.Nev. Civil Docket No. 2:10-CV-01091-LDG-LRL (Order dated July 22, 2010). Brodzki's prior claims frequently involved allegations of electronic harassment by law enforcement. His current complaint is no different.

*Brodzki v. Weiss*, No. CV-11-32, 2011 WL 772393 at * 2 (D. Mont. Feb. 25, 2011). Therefore, the Complaint will be dismissed.

## C. Leave to Amend Complaint

The Court is skeptical that the Plaintiff will be able to repair the Complaint sufficiently to survive screening under 28 U.S.C. § 1915 (e)(2), but out of an abundance of caution, the Court will afford the Plaintiff one opportunity to amend the Complaint. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Timas v. Klaser*, 23 Fed. Appx. 574, 578 (7th Cir. 2001).

## III. Conclusion

*Ergo*, the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [d/e 2] is ALLOWED. The Plaintiff's Complaint [d/e 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2), with leave to file an amended complaint on or before September 30, 2011.

If the Plaintiff does not file an amended complaint on or before September 30, 2011, this case will be closed.

If the Plaintiff timely files an amended complaint, that complaint may not be served until it has been screened pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk of Court is directed to forward a copy of this Order to the Plaintiff, Anthony Brodzki.

IT IS SO ORDERED.

ENTER:  August 3, 2011

FOR THE COURT:                                  */s/ Richard Mills*
_____
                                              Richard Mills
                                      United States District Judge